46

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 2 2001

Michael N. Milby
Clerk of Court

DAN L. INGHAM, §
    Petitioner, §
 §
vs. § No. B-99-206
 §
GARY L. JOHNSON, Director, §
Texas Dept. Criminal Justice, §
Institutional Division, §
    Respondent. §

PETITIONER'S PRO SE APPLICATION
FOR CERTIFICATE OF APPEALABILITY

TO THE HONORABLE JUDGE OF THE SAID COURT:

    COMES NOW Dan L. Ingham pro se, and, pursuant to 28 U.S.C.A. § 2253, et seq., moves this Court to issue a certificate allowing him to appeal to the United States Court of Appeals for the Fifth Circuit from this Court's final judgment dated January 24, 2001, granting the Respondent's motion for summary judgment and denying Mr. Ingham's motions for relief from the court's order of August 30, 2000.

I.

A STATEMENT OF THE CASE

    This is a federal habeas corpus petition brought by a state confined prisoner pursuant to 28 U.S.C. § 2254. Dan L. Ingham is the Petitioner. Respondent Gary L. Johnson is the Director of the TDCJID, Institutional Division.

    The petition presents six (6) grounds for relief: 1) the jury instruction was defective; 2) appellate counsel was ineffective; 3) trial counsel was ineffective; 4) the prosecutor engaged in improper cross-examination and argument; 5) evidence

of unadjudicated extraneous offenses were improperly admitted at the trial; and, 6) hearsay evidence was improperly admitted.

Respondent Johnson filed a a motion for summary judgment and counsel for Dan Ingham (Joseph A. Connors, III), failed to file a reply. Connors did not inform Ingham of his right to make a reply and did not inform Ingham that he had not made a reply to Johnson's motion. Ingham did not receive a copy of Johnson's motion. Connors now claims to have forwarded a copy of the motion to Ingham. However, prison mailroom logs reflect that no such correspondence was received by Ingham from Connors or from the Court or from opposing counsel during the period in question. Ingham learned for the first time of the Respondent's motion for summary judgment when he received a copy of the Court's August 30, 2000 order granting summary judgment to Johnson. Ingham immediately instructed Connors to file a Rule 60 motion to set aside the court's order and then filed his own pro se motion to supplement counsel's motion and to dismiss counsel and proceed pro se. On January 24, 2001, the district court denied Ingham's motion for relief from the judgment and granted Connors' request to withdraw as counsel of record. Ingham gave timely notice of appeal and this application for certificate of appealability follows.

II.

REASONS FOR GRANTING A "COA"

1. The court's August 30, 2000 order is contrary to other district courts and is contrary to other United States appeal courts regarding the defective jury instruction, the claims of ineffective assistance of counsel on appeal and at trial, and is contrary to and inconsistent with other districts and other circuit appeal courts with regard to Ingham's claims of the

prosecutor's improper arguments and cross-examination; the introduction of extraneous offenses; the improper admission of hearsay; trial counsel's failure to object and to request a curative instruction and motion for mistrial.

2. The order is inconsistent with and contrary to other districts and other circuit appeal courts with regard to granting summary judgment to one party when proof exists in the record that the nonmoving party never received a copy of the movant's motion for summary judgment.

3. The order attaches new and different legal consequences to the rules of law in effect at the time of Dan Ingham's trial, and attaches new meaning to the <u>Teague</u> rule which was not intended by the Supreme Court, with regard to the improper jury instructions in this case.

4. Dan Ingham should have been but was not afforded an evidentiary hearing to develop the facts and to establish the record regarding counsel's conduct, errors and omissions on matters that undermine confidence in the outcome of the proceeding.

5. As will be demonstrated <u>infra</u>, the underlying issues (i) are debatable among jurists of reason; (ii) could be resolved in a different manner; (iii) deserve encouragement to proceed further; and, (iv) are not squarely foreclosed by statute, rule or court decision so as to preclude any further review.

III

<u>ARGUMENT AND AUTHORITIES</u>

The standard for determining whether to issue a certificate of appealability is whether a petitioner can make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 1994 & Supp. 1998); <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, 102 S.Ct. 3383 (1983); <u>Barber v. Johnson</u>, 145 F.3d 234 (5th Cir.), cert. denied, 515 U.S. 1005 (1998). By the 1996 amendment of 28 U.S.C. § 2253, the AEDPA replaces the certificate of probable cause with a certificate of appealability. <u>Tillman v. Cook</u>, 215 F.3d 1116, 1120 (10th Cir. 2000); <u>Barber</u>, supra. The standards for issuing a CPC and a COA are nonetheless the same. <u>Barber</u>, supra; <u>Green v. Johnson</u>, 116 F.3d 1115, 1120 (5th

Cir. 1997). Timely and proper notice of appeal has been filed in this case. <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1603 (2000) (notice of appeal treated as an application for COA).

In <u>Barefoot</u>, supra, the Supreme Court defined "substantial showing of the denial of a federal right" as one that presents a question of "some substance". That is, at least one issue that (1) is debatable among jurists of reason; (2) a court could resolve in a different manner, (3) is adequate to deserve encouragement to proceed further; or (4) that is not squarely foreclosed by statue, rule or court decision or that is not lacking in any factual basis in the record. <u>Barefoot</u>, 463 U.S. at 893 n. 4, 894 (citing numerous authorities).

In <u>Autry v. Estelle</u>, 464 U.S. 1301 (1983), the Supreme Court stated that a certificate is required if a district court "cannot say that the issue lacks substance." <u>Id.</u>, at 1302. In <u>Rosoto v Warden</u>, 83 S.Ct. 1788 (1963), the Supreme Court said that a certificate should issue when the case presents a "substantial question."

The Eighth Circuit court of appeals applied the <u>Barefoot</u> criteria and concluded that a certificate is granted if the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." <u>Flieger v. Delo</u>, 16 F.3d 878, 883 (8th Cir. 1994). See generally, <u>May v. Collins</u>, 955 F.2d 299, 301, 307 (5th Cir.), cert. denied, 504 U.S. 901 (1992) (applying the first prong of <u>Barefoot</u> and granting CPC because resolution of legal issues in that particular case was debatable among jurists of reason).

5

In <u>Franklin v. Hightower</u>, 215 F.3d 1196, 1198-1200 (11th Cir. 2000), the Eleventh Circuit stated that if the applicant facially alleges the denial of a constitutional right, and assuming the court's procedural ruling is debatable, the court should grant a COA. The court should resolve any doubts about entitlement to a COA in favor of the applicant and in favor of granting it. See <u>Sonnier v. Johnson</u>, 161 F.3d 941, 944 (5th Cir. 1998) and <u>Whitehead v. Johnson</u>, 157 F.3d 384, 386 (5th Cir. 1998) ("should the court have any doubts about issuing COA..., it should be granted."). See also <u>Buxton v. Collins</u>, 925 F.2d 816, 819 (5th Cir.), cert. denied, 498 U.S. 1128 (1991).

In <u>Harris v. Vasquez</u>, 901 F.2d 724 (9th Cir. 1990), the Ninth Circuit stated that a certificate of appealability should be granted when the issues could be resolved in a different way and there are substantial grounds on which relief <u>might</u> be granted. See also <u>Jones v. Cain</u>, 218 F.3d 469, 470 (5th Cir. 2000) (district court's grant of COA on a claim of ineffective assistance of counsel is sufficient to give the appeal court jurisdiction over several issues of IAC); <u>Moore v. Jarvis</u>, 885 F.2d 1565, 1569 (11th Cir. 1989) (CPC should be granted because petition presented substantial questions of federal law); <u>Graham v. Lynaugh</u>, 854 F.2d 715, 717, 723 (5th Cir. 1988) (substantial showing of the denial of a federal right); and <u>Wolls v. McCotter</u>, 798 F.2d 695, 697 (5th Cir.), cert. denied, 478 U.S. 1031 (1986) (certificate should be granted when issues are debatable among jurists of reason; different court could resolve issues in different manner; questions deserve

encouragement to proceed further (quoting Barefoot, 463 U.S. at 893 n.4)). Most recently, the Fifth Circuit has concluded that the district court erred in dismissing a petition for nonexhaustion, then granted a COA and vacated and remanded the case to the district court for reconsideration of the merits of the underlying claims. Whitehead v. Johnson, 157 F.3d 384, 386-89 (5th Cir. 1998).

While the factors justifying the issuance of a COA are too numerous to list here, issues of fact which the court finds to be close or difficult or of first impression, subject to conflicting outcomes, or simply a matter of judgment beyond simple deduction from applicable legal precepts provide sufficient "substance" to require a certificate. Barefoot, 463 U.S. at 894 (certificate should issue if claims are not squarely foreclosed by statute, rule or court decision or lacking factual basis in the record); Baldwin v. Maggio, 704 F.2d 1325, 1326-27 (5th Cir. 1983), cert. denied, 467 U.S. 1220 (1984). The fact that other co-equals or higher courts have reached differing results or even conflicting views suffices to require a COA. See, e.g., Lynce v. Mathis, 117 S.Ct. 891, 893 (1997).

In this case, it is undisputed that Ingham's counsel failed to file a response to the Johnson's motion for summary judgment and he never informed Ingham that he did not file a response. Ingham did not receive a copy of Johnson's motion. He had no fair chance and no opportunity to respond to Johnson's motion for summary judgment and, through no fault of his own, judgment was entered against him in this his first and only federal habeas corpus proceeding.

7

## IV.

### ISSUES ON WHICH A COA SHOULD BE GRANTED

The underlying petition presents serious issues that have not been but should be resolved. The issues presented in the underlying petition deserve encouragement to proceed further, other courts have decided the same issues in different ways, they are debatable among reasonable jurists, and they are not squarely foreclosed by statute, rule or court decision. They are each factually supported from the record. Additionally, it was error for the district court to grant summary judgment against Ingham under the facts of this case.

Here, the prosecutor engaged in improper arguments and cross-examination before the jury. That is not denied. This misconduct visited great harm on Ingham. Compounding that misconduct, defense counsel did not object to the improper admission of hearsay and the introduction of unadjudicated extraneous offense testimony into the same trial and, more, the defense counsel did not even object to the defective jury instructions.

The defective jury instruction violated Ingham's due process rights because it eliminated the State's need to disprove sudden passion raised by the evidence during the State's case-in-chief, thereby unfairly shifting the burden of proof to Mr. Ingham. The sudden passion instruction could in all likelihood have resulted in a conviction for the lesser manslaughter charge with regard to the death of Brett Butler.

8

Respondent Johnson admits the jury instruction was defective and that it was error, but he claims that it was harmless error or that it is not cognizable on federal habeas corpus because it is presumably foreclosed by the Fifth Circuit's ruling in Mayabb v. Johnson, 168 F.3d 863 (5th Cir. 1998). However, since the Mayabb court did not consider Teague v. Lane, 109 S.Ct. 1060 (1989), in affirming the district court's denial of relief there, the applicability of Teague must be decided because it is a threshhold issue that, if decided in Dan Ingham's favor, necessitates a review on the merits of his claims. Graham v. Collins, 113 S.Ct. 892, 897 (1993).

Generally speaking, and contrary to what Respondent Johnson now argues, the application of existing precedent does not constitute a "new rule". See Wright v. West, 112 S.Ct. 2482 (1992). A rule of general application designed for a specific purpose rarely results in a new rule. id.. Guidance here may come from Stringer v. Black, 112 S.Ct. 1130 (1992), where the Supreme Court concluded a Fifth Circuit decision to the contrary did not preclude a finding that the holding in question was an "old rule" because the court made a serious mistake in its decision. The Supreme Court has also recognized that the inquiry is objective, and the existance of a contrary decision does not necessarily mean that a rule is new. See Wright v. West, supra. That is, merely because some court has decided the issue adversely to a petitioner does not mean it is a new rule. The reviewing court must determine for itself on an ad hoc basis whether the decision would constitute a "new rule." There are

12

Signed this __19th__ day of February, 2001.

Respectfully Submitted,

*[signature: Dan L. Ingham]*

Dan L. Ingham #309147
Petitioner/Appellant, Pro Se
James V. Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367-6568

CERTIFICATE OF SERVICE AND FILING

This is to certify that the undersigned has on this __19th__ day of February, 2001, filed with the Clerk of the appropriate court and served on opposing counsel a true and correct copy of the foregoing PETITIONER'S PRO SE APPLICATION FOR CERTIFICATE OF APPEALABILITY by mailing same, via U.S. Mail, first-class postage prepaid, properly enveloped and deposited in the prison institution's internal mailbox for outside mailing, addressed to:

Hon. Michael N. Milby, Clerk
U.S. District Court
Brownsville Division
600 East Harrison Street
Brownsville, Texas 78520-7114

and

Mr. Charles A. Palmer
Assistant Texas Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

*[signature: Dan L. Ingham]*

Dan L. Ingham
Petitioner/Appellant, Pro Se

11

remedies in state court through the discretionary process if one is available. See O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1734 (1999). Hence, again, the issues could be decided differently, they deserve encouragement to proceed further, they are debatable among reasonable jurists, and reason exists to grant a certificate of appealability.

V.

Joseph A. Connors, III, admitted in his September 14, 2000, motion for relief (filed only at the direction of the Dan Ingham), that he did not in good faith know what to respond to Mr. Palmer's motion. And he did not convey this to Dan Ingham. When Connor's did not hear from Ingham and did not receive Ingham's personal ideas on what to include in a response to Johnson's motion for summary judgment, Connors was at a loss on what to do and what to file, so he did not file anything in response to Johnson's motion. (See Connor's "motion" filed Sept. 14, 2000, at page 2). Then, on August 30, 2000, the court granted summary judgment against Dan Ingham when Connor failed to respond to Johnson's motion.

VI.

CONCLUSION, PRAYER AND RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Dan L. Ingham respectfully moves this court to grant him a certificate on each of those grounds asserted in his federal habeas petition. Alternatively, he moves for a COA on the issue of whether it was appropriate to grant summary judgment to Respondent Johnson under the facts of this case when defense counsel failed to make any response to Johnson's motion for summary judgment.

11

remedies in state court through the discretionary process if one is available. See <u>O'Sullivan v. Boerckel</u>, 119 S.Ct. 1728, 1734 (1999). Hence, again, the issues could be decided differently, they deserve encouragement to proceed further, they are debatable among reasonable jurists, and reason exists to grant a certificate of appealability.

V.

Joseph A. Connors, III, admitted in his September 14, 2000, motion for relief (filed only at the direction of the Dan Ingham), that he did not in good faith know what to respond to Mr. Palmer's motion. And he did not convey this to Dan Ingham. When Connor's did not hear from Ingham and did not receive Ingham's personal ideas on what to include in a response to Johnson's motion for summary judgment, Connors was at a loss on what to do and what to file, so he did not file anything in response to Johnson's motion. (See Connor's "motion" filed Sept. 14, 2000, at page 2). Then, on August 30, 2000, the court granted summary judgment against Dan Ingham when Connor failed to respond to Johnson's motion.

VI.

CONCLUSION, PRAYER AND RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Dan I. Ingham respectfully moves this court to grant him a certificate on each of those grounds asserted in his federal habeas petition. Alternatively, he moves for a COA on the issue of whether it was appropriate to grant summary judgment to Respondent Johnson under the facts of this case when defense counsel failed to make any response to Johnson's motion for summary judgment.

12

Signed this __19th__ day of February, 2001.

Respectfully Submitted,

*[signature: Dan L. Ingham]*

Dan L. Ingham #309147
Petitioner/Appellant, Pro Se
James V. Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367-6568

CERTIFICATE OF SERVICE AND FILING

This is to certify that the undersigned has on this __19th__ day of February, 2001, filed with the Clerk of the appropriate court and served on opposing counsel a true and correct copy of the foregoing PETITIONER'S PRO SE APPLICATION FOR CERTIFICATE OF APPEALABILITY by mailing same, via U.S. Mail, first-class postage prepaid, properly enveloped and deposited in the prison institution's internal mailbox for outside mailing, addressed to:

Hon. Michael N. Milby, Clerk
U.S. District Court
Brownsville Division
600 East Harrison Street
Brownsville, Texas 78520-7114

and

Mr. Charles A. Palmer
Assistant Texas Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

*[signature: Dan L. Ingham]*

Dan L. Ingham
Petitioner/Appellant, Pro Se